IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs.                                              )<br>)<br>ANTHONY HOPSON,                        )<br>)<br>    Defendant/petitioner.        ) | Criminal No. 08-216<br>See Civil Action No. 12-1265 |

ORDER

AND NOW, this 3rd day of December, 2012, upon consideration of the Government's "Motion for Miscellaneous Relief" (Document No. 128) filed in the above-captioned matter on November 15, 2012,

IT IS HEREBY ORDERED that said motion is GRANTED. Petitioner's attorney in this case, William Kaczynski, shall file, no later than December 28, 2012, an affidavit concerning the nature of any communications with Petitioner in regard to the decision as to whether Petitioner would testify at the trial in this matter, which have been put at issue as a result of the motion filed by Petitioner pursuant to 28 U.S.C. § 2255 (Document No. 122).

IT IS FURTHER ORDERED that the parties may file any response to Attorney Kaczynski's affidavit no later than January 21, 2013.

In his motion, Petitioner has alleged that his counsel was ineffective in several regards, including in not permitting him to

1

testify at trial, or in advising him not to do so.[1] In raising this issue and placing the advice of counsel at issue, Petitioner has waived any attorney-client privilege as to his communications with counsel in this regard. See Rhone-Poulenc Rorer Inc. v. Home Indemnity Co., 32 F.3d 851, 863 (3d Cir. 1994); United States v. Scalise, 2012 WL 2367849, at *6 (W.D. Pa. June 21, 2012). The waiver covers all communications with counsel necessary to prove or disprove his claims. See United States v. Pinson, 584 F.3d 972, 977-79 (10th Cir. 2009) (collecting cases). Accordingly, by claiming that counsel was ineffective in not permitting him to testify, or in advising him not to do so, Petitioner has waived his privilege in regard to discussions with counsel relating to this issue.

s/Alan N. Bloch
United States District Judge

ecf:  Counsel of record
William Kaczynski, Esquire, at kazlawpgh@aol.com

cc:  Anthony Hopson, #09883-068
FCI Ft. Dix
P.O. Box 200 (Camp)
Fort Dix, NJ  08640

---

[1] While communications between Petitioner and counsel may bear on other claims raised by Petitioner in his Section 2255 motion, the Government's motion only references communications regarding the decision as to whether Petitioner would testify at trial. Accordingly, the Court will limit the relief to this matter.

2